IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOSEPH ANDREW DIRUZZO, (TDCJ-CID #360703) Petitioner, vs. LORIE DAVIS, Respondent. | § § § § § § § § § § CIVIL ACTION V-19-0027 |

**MEMORANDUM AND OPINION**

**I.  Background**

The petitioner, Joseph Andrew DiRuzzo, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a state-court felony conviction for illegal practice of medicine. Having reviewed the petition for a writ of habeas corpus and available online state court records, this Court finds that the petition must be dismissed for failure to exhaust state-court remedies.

Online research shows that a jury of the 24th Judicial District Court of Victoria County, Texas found DiRuzzo guilty of the felony offense of illegal practice of medicine. (Cause Number 14-05-27939-A). On November 4, 2016, the state court sentenced DiRuzzo to a 4-year prison term and assessed a fine of $1,500.00 for each of sixteen counts. DiRuzzo indicates that he filed a petition for discretionary review on July 20, 2018, which is currently pending. Online research shows, and DiRuzzo confirms, that he did not file a state application for postconviction relief. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/.

On March 18, 2019, this Court received DiRuzzo's federal petition. DiRuzzo asserts that his conviction is void for the following reasons:

(1) he was denied due process due to a fake indictment;

(2) he was denied due process due to a fake indictment;

(3) he was denied due process because the indictment did not list any crimes; and

(4) he was denied due process because the judge was biased.

## II. Analysis

Prisoners suing under § 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). A state prisoner must exhaust available state-court remedies before he can obtain federal habeas corpus relief unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). To exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).

Exhaustion requires that the prisoner "have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846 (1999).

"Determining whether a petitioner exhausted his claim in state court is a case- and fact-specific inquiry." *Moore v. Quarterman*, 533 F.3d 338, 341 (5th Cir. 2008) (en banc).

In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* Tex. Code Crim. Proc. art. 11.07, § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Congress has codified the doctrine of exhaustion of state remedies, reflecting the policy of federal-state comity. Title 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state

courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

DiRuzzo has neither alleged nor demonstrated any facts that would support a statutory exception to the exhaustion doctrine. Online research reveals that DiRuzzo's petition for discretionary review is currently pending in the Texas Court of Criminal Appeals. Additionally, Texas law allows DiRuzzo to exhaust his state claims by application for a writ of habeas corpus with the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07. This federal petition is dismissed, without prejudice, to allow DiRuzzo to do so.

### III. Conclusion

This federal petition is DISMISSED, without prejudice, for failure to exhaust state court remedies. DiRuzzo's constructive motion to proceed in forma pauperis is GRANTED. Any remaining pending motions are DENIED as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

483-84 (2000). DiRuzzo has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this Court was correct in its procedural ruling. This Court will not issue a COA.

SIGNED at Victoria, Texas, on April 22, 2019.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE